ants, therefore, knew of the liens in suit. They parted with no consideration relying upon extinguishment in the greater title. There was no impairment in the value of these subordinate liens by the assignments to the plaintiff, and the requirements of justice demand that the mortgages be retained as undiminished liens against the whole premises.

The motion to confirm is granted, and judgment of foreclosure and sale ordered in each action.

(32 App. Div. 520.)

MEEKS v. MEEKS et al.

(Supreme Court, Appellate Division, Second Department. July 7, 1898.)

WILLS—CONSTRUCTION—DISPOSITION OF RESIDUUM.

Testator gave an annuity to a servant, to be paid out of the income of a fund to be created by the executors, which fund should afterwards "form a part of [his] residuary estate." The widow was given a life estate in the testator's house, which was part of the residuary estate, and was to be disposed of as "hereinafter directed and provided," and an annuity during widowhood to be paid her out of the income of a fund to be created. The executors were next directed to convert testator's property, "excepting that part hereinbefore appropriated," into money, and divide the same between named legatees. The next clause provided that, in the event of remarriage of the widow, the principal of the sums set apart to raise her annuity and the charges on the house should be divided like as before directed between the said named legatees. *Held,* that the words "excepting that part hereinbefore appropriated" referred to the bequests to the servant and to testator's wife, and not to the funds out of which such bequests were raised; and therefore the will effected a disposition of testator's entire estate, notwithstanding such construction rendered surplusage the clause providing for disposition in the event of the widow's remarriage.

Appeal from special term, Suffolk county.

Action by one Meeks against Catherine L. Meeks, as executrix of Joseph W. Meeks, Jr., deceased, substituted for defendant Wilmot M. Smith, committee of Joseph W. Meeks, and others. From a judgment of the special term for the other defendants, defendant Catherine L. Meeks appeals. Affirmed.

The will of Joseph W. Meeks, referred to in the opinion, is as follows:

In the name of God, Amen! I, Joseph W. Meeks, of the town of Islip in the county of Suffolk and state of New York, gentleman, being of sound mind and memory, do make, publish, and declare this my last will and testament, hereby canceling and annulling any and all former wills by me made.

First. I order and direct my executors hereinafter named and appointed to pay my funeral and testamentary expenses and all my just debts not secured by mortgage as soon as practicable and convenient after my decease. And I further order and direct my said executors, until the sale and division of my real estate as hereinafter directed and provided, to keep the buildings thereon in good and sufficient repair, and fully insured against loss or damage by fire, and also to pay and discharge all taxes and assessments which may from time to time be imposed upon such real estate, and every part thereof, including the buildings thereon.

Second. Wishing to recognize the long and faithful service, extending over a period of nearly fifty years, of Thomas Donnelly, I order and direct my said executors and trustees to set apart and keep invested during the lifetime of said Donnelly a sum sufficient to produce an annual income of two hun-

dred dollars, and to fund such income so long as said Donnelly remains in the employment of my legal representatives, and, when such employment ceases, to pay to said Donnelly, on his receipt, the sum of fifty dollars quarterly during each and every year of his natural life; and on his death I order and direct my said executors to appropriate from such original fund the sum of one hundred dollars to pay his funeral expenses; and all accumulations of said annuity, if any there shall be, I give and bequeath unto Elizabeth Powers, widow, and Sabina Donnelly, two of the daughters, of said Donnelly, share and share alike. And I order and direct that the principal of such trust fund set apart as aforesaid shall then form a part of my residuary estate, and be distributed and vest in accordance with the provisions of the residuary subdivision of this instrument.

Third. I give and bequeath unto my wife, Sophia Theresa Meeks, the use, income, and profits of my house and the land connected therewith, situate at the northwest corner of Third avenue and Third street, Mount Vernon, Westchester county, in the state of New York, and also the use of the furniture contained in said house as well as the other personal property in said house contained, for and during her natural life, or so long as she may remain my widow, free and relieved from all taxes, assessments, or other charges or expenses for insurance or repairs; and, after the decease of my said wife, the said real estate and personal property shall form a part of my residuary estate, and be disposed of by my executors as hereinafter directed and provided.

Fourth. I give and bequeath to my said wife, so long as she shall remain my widow, the sum of eight thousand dollars per annum during her natural life, the same to be free of all charges, drawbacks, percentage, or taxes, and to be paid in quarter-yearly installments, commencing immediately after my decease. The above bequests, and each of them, are made with the express provisions and conditions that they be accepted by my said wife in lieu and in full satisfaction of all dower or claim for dower in my estate, and every part thereof. And I order and direct my said executors and trustees to set apart, and to invest and keep invested during the lifetime of my said wife, or so long as she shall remain my widow, a sum sufficient to produce said annual income of eight thousand dollars as aforesaid, and also sufficient to meet the necessary expenses for taxes, assessments, insurance, and repairs attending the real estate reserved for the use and benefit of my said wife, situate at Mount Vernon, as aforesaid, and also sufficient to meet the compensation to be paid to them, my executors and trustees, as hereinafter directed.

Fifth. I authorize, empower, and direct my executors, hereinafter named and appointed, to make a division of all my real and personal estate in the manner hereinafter specifically described, excepting that part hereinbefore appropriated; and for that purpose I hereby expressly authorize, empower, and direct my said executors to sell at public auction, at such time and in such manner as they shall think best, my said real estate, and to execute good and sufficient conveyances therefor, and to collect and convert into money all of my personal estate, and from the proceeds of such estate, real and personal, to divide such moneys, being the entire proceeds of such estate, real and personal, after deducting an amount sufficient to produce an income to meet the bequests hereinbefore mentioned, into four equal parts, and to pay one of such parts to my son Albert V. Meeks, to whom I give, devise, and bequeath the same, to vest in him absolutely, and his heirs and assigns, forever. The remaining three fourths parts of such proceeds I give and bequeath unto my said executors and trustees, hereinafter named and appointed, upon the trust, nevertheless, that they invest the same in severalty on good security in bonds and mortgages on real estate in the city or state of New York, or in bonds of the United States or the state of New York, and keep the same so invested, and to pay the interest or income of one of said parts to my son Joseph W. Meeks, Jr., semiannually, during his lifetime, to pay the interest or income of another of such parts to my daughter, Sophia Theresa Hawkins, semiannually, during the term of her natural life, and to pay the interest or income of the remaining part to my son Edwin Bartlett Meeks, semiannually, during the term of his natural life; it being

my will that such several annuities apply to the sole and separate use of my said three children, last named, for their several support and maintenance, and to be paid only on the receipt of such child, it being my will that neither shall have the power to anticipate such annuity or income, nor transfer or dispose of his or her right to receive the same or any part thereof; and no part of said annuities or income shall be paid to any assignee of either of my said three children, nor to any creditor of either who may seek by legal proceedings to obtain the same; and, on the death of any one of my said children leaving lawful issue surviving, then the share to the income of which the party deceased is entitled shall be paid to such issue; if one, solely; if more than one, jointly and equally; but, if there shall be no issue surviving, then such share to be divided among my surviving children, and the issue of any deceased one, such issue to represent the parent; and until the conversion of my estate, real and personal, into money, and the divisions made as aforesaid, it is my will that my said children receive, subject to the special bequests made, the income of my estate, share and share alike, in the same manner and subject to the same restrictions as are herein contained.

Sixth. In the event of the remarriage of my said wife, I give and bequeath the principal of the sums set apart to create the annuity and to pay the taxes, assessments, insurance, and repairs, and also the premises situate at Mount Vernon as aforesaid, unto my executors and trustees, in trust, and direct them to divide the same into four equal parts, and pay one of such parts to my son Albert V. Meeks, and to invest the remaining three parts as hereinbefore directed in severalty, and to pay the income and the principal as hereinbefore directed in respect to my other property.

Seventh. I give to my executors, hereinafter named, the sum of three thousand dollars each year, to be divided between them, and to whom I bequeath the same, said annual sum to be received by them in lieu of all fees for the management of my estate as executors or trustees; this to continue yearly until the final division of all my estate.

Eighth. It is my will that in case any direction or provision of this will should be held illegal or void, or fail to take effect for any reason, no other part of this, my will, shall be thereby invalidated, impaired, or affected; but this, my will, shall be construed and take effect in the same manner as if the invalid direction or provision had not been contained therein; and, should any of the legacies herein lapse, the same shall form a part of my residuary estate, and go to my residuary legatees as hereinbefore provided.

Ninth. I hereby nominate, constitute, and appoint my son Albert Victor Meeks and my son Edwin Bartlett Meeks executors of this my last will and testament, and trustees of the several trust estates hereinbefore created; and I hereby expressly authorize and empower them, until the sale and distribution of my estate as herein provided, to collect and receive the rents and profits of my real estate, except the portion thereof reserved and devised to my said wife during her natural life, or until her interest therein terminates, pursuant to the conditions thereto annexed. It is my wish that my son Albert V. Meeks should have the principal management of my estate, and that my other executor should not interfere with him so long as he shall be able to attend to the said management. When he ceases to act, then the other party named shall take the management. And, should either of my said trustees die, the said trust estates, trusts, and powers shall vest in the survivor.

In witness whereof, I have hereunto set my hand and affixed my seal, this sixteenth day of May, in the year of our Lord one thousand eight hundred and seventy-seven.    Joseph W. Meeks. [L. S.]

The following is the opinion of the court below (BROWN, J.):

The proper construction of the will of Joseph W. Meeks, deceased, depends upon the meaning of the words in the fifth clause, "excepting that part hereinbefore appropriated." If by that expression the testator intended to refer to the corpus of the funds that were directed to be set apart by the second and fourth clauses of the will, then there is no disposal of those funds by the fifth clause, and their disposition is to be governed by the statute of

distribution. The expression referred to should be given such meaning as will effectuate the general intention of the testator in the disposal of his estate, if such intent can be ascertained from a reading of the whole will. That the testator intended to dispose of his whole estate, and not to leave any of it to be distributed under the statute to the next of kin, I think is clear. The objects of his bounty were to be his wife, children, and grandchildren. The whole estate was to be given to them. If the widow remarried, the fund directed to be set apart in the fourth clause was to be divided and distributed in the same manner and to the same persons as he had directed as to his other property in the fifth clause. It is exceedingly improbable that the testator intended to provide for the disposition on the contingency of his widow's remarriage, an event unlikely to occur, and intended that, in the probable contingency of her dying as his widow, the fund should be distributed under the statute. It would require very plain language to lead the court to that conclusion.

Again, the sixth clause does not dispose of the corpus of the fund to be set apart to provide the annuity for Thomas Donnelly. Yet it clearly was the intention of the testator to provide for the disposition of that fund. It is expressly stated that it was to form a part of the residuary estate, and to be distributed in accordance with the provisions of the residuary clause of the will. Likewise, he provides that the Mount Vernon house is to form a part of the residuary estate, and be disposed of "as hereinafter directed and provided." In the fifth clause he provides that, until the conversion of his estate into money and the division made as provided, it is his will that his children receive the income of the whole estate, share and share alike, subject to the special bequests. His widow might have died shortly following his own death, in which case the income bequeathed to her would have gone to the children under the will, and not under the statute. Donnelly might have died before the fund was set apart to produce his annuity, in which case the income thereon would have gone to the children under the will. All these provisions indicate an intention on the testator's part to dispose of his whole estate for the benefit of his wife and children and his old servant Donnelly. He speaks of a residuary clause of his will, and he referred by that term to the fifth clause. If the expression "excepting that part hereinbefore appropriated" be held to have relation to the bequests to Donnelly, to his widow, and to his executors, and not to the corpus of the fund set aside for them, the instrument is made consistent and harmonious with his intention. All his property is then to be divided. There is nothing in the instrument making necessary a division of the whole estate at once. That portion which would be set apart to provide the Donnelly annuity and the widow's annuity and the executors' compensation vested immediately in persons named in the fifth clause, subject to the interests of Donnelly and the widow and the executors; and the actual division would be made by the executors on the deaths of the life tenants. This construction of the will may make surplusage of the sixth clause, but that is not an obstacle to the conclusion I have reached.

The cardinal rule of construction of all instruments of this character is that the intent of a testator must be sought for in the provisions of the will, and, when it is ascertained, effectuated, if the language used permits. The court may transpose words and phrases, and read the provisions of the instrument in a different order from that in which they appear, and insert and leave out provisions if necessary. And, when susceptible of it, that construction will be given which renders the instrument operative, rather than invalid; and an interpretation that will produce intestacy as to any part of the estate is to be avoided if possible. Hoppock v. Tucker, 59 N. Y. 203; Phillips v. Davies, 92 N. Y. 199; Du Bois v. Ray, 35 N. Y. 162. It may not have seemed to the testator that it was unnecessary to insert the sixth clause, and it does no violence to the instrument to hold that that was a useless provision. On the contrary, its presence in the will has no necessary tendency to show that the testator intended in the case of his wife's death to leave the fund undisposed of, while its rejection renders the will complete and harmonious.

My conclusion is that the testator, by his will, disposed of his whole estate, and that the funds set apart by the second and fourth clauses of the will are a part of the residuary estate, and are disposed of by the fifth clause. Findings and decree may be prepared and submitted to the court on notice to all parties.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Walter H. Jaycox, for appellant.

Eugene D. Hawkins and George M. Baker, for respondents.

PER CURIAM. Judgment affirmed, with costs. All concur.

---

FANNON v. McNALLY et al.

(Supreme Court, Appellate Division, Second Department. October 25, 1898.)

JUDGMENT—AMENDMENT—PARTITION.

> After a judgment in partition has been entered directing a distribution of the proceeds, the court cannot make an order directing the distributees to pay back the money to the referee, and directing the referee to retain the money, and take proof of claims, and make payment thereon.

Appeal from special term, Kings county.

Action for partition by Catharine Fannon against Annie McNally and others. From an order staying proceedings upon the final judgment directing the payment of the proceeds, defendant Cunningham appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

James P. Judge, for appellant.

Herbert S. Worthley, for respondent.

PER CURIAM. The moving papers show that one Margaret Walsh was a creditor of Catharine Shields, deceased, in the sum of $400 and upward. The real estate of Catharine Shields became the subject of an action of partition, to which Sarah Cunningham, the appellant, was a party. Said action proceeded in the usual form, and an interlocutory judgment therein was entered, directing the sale of the premises, which were subsequently sold by a referee. Upon the coming in of the report of the referee appointed under the interlocutory judgment, the same was confirmed, and final judgment was entered thereon, among other things directing the distribution of the proceeds of the property, of which Sarah Cunningham was to receive $667.55. Before the distribution of the money by the referee, and upon consent, a stay of proceedings was had under the judgment, to enable the said Walsh to establish her claim. Upon motion, this stay was vacated, and thereupon the referee paid the distributive share to Sarah Cunningham. Subsequently this motion was made to procure an amendment of the judgment so as to direct that the moneys arising under the sale, and directed to be paid to the distributees under the